UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

UNITED STATES OF AMERICA,

                  Plaintiff,         **REPORT AND RECOMMENDATION**
                                                    **11 CV 0169 (KAM)(LB)**

    -against-

KEVIN J. HINDS,

                  Defendant.

-----------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

       The United States of America brings this civil action against defendant Kevin J. Hinds to recover on a student loan debt. Despite proper service of the summons and complaint, defendant has failed to plead or otherwise defend this action. On March 4, 2011, plaintiff moved for a default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure. The Honorable Kiyo A. Matsumoto referred plaintiff's motion for a default judgment to me for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). For the reasons set forth below, it is respectfully recommended that plaintiff's motion for a default judgment should be granted and that a default judgment should be entered against defendant for: $2,948.96 in principal; $1,274.92 in interest, plus $.20 in *per diem* interest from February 25, 2011 through the date of judgment; post-judgment interest to be calculated in accordance with 28 U.S.C. § 1961; and $35.00 in costs.

## BACKGROUND

       On December 11, 1998, defendant executed a promissory note to secure a loan of $2,625.00 from Mellon Bank (the "Bank") in Harrisburg, Pennsylvania. (Compl. at Ex. A.) Defendant sought the loan to attend the Community College of Philadelphia during the spring

semester of 1999.  (Docket entry 6-1.)  The loan was dispersed to defendant in its entirety from February 19, 1999 to March 15, 1999, at a variable rate of interest to be established annually by the United States Department of Education.  (Compl. at Ex. A.)  The loan was guaranteed by the Pennsylvania Higher Education Assistance Agency (the "Agency") and reinsured by the United States Department of Education under a loan guarantee program authorized under Title IV-B of the Higher Education Act of 1965, 20 U.S.C. § 1071 *et seq*.  (Id.)  The Bank demanded payment from defendant according to the terms of the promissory note and defendant defaulted on April 17, 2001.  (Id.)  The Bank then filed a claim on the loan guarantee and the Agency paid the claim in the amount of $2,948.96.  (Id.)  The Department of Education reimbursed the Agency under its reinsurance agreement.  (Id.)  On September 28, 2005, the Agency assigned its right to the loan to the Department of Education.  (Id.)  Plaintiff demanded that defendant make payment on the debt and defendant "neglected and refused to pay the same."  (Compl., ¶5.)

Plaintiff commenced this action on January 11, 2011, seeking the recovery of $2,948.96 in principal, plus interest and costs.  (Docket entry 1.)  On January 19, 2011, plaintiff served defendant with process.  (Docket entry 3.)  As defendant failed to plead or otherwise defend this action, plaintiff requested that a default be entered against defendant and moved for default judgment.  (Docket entry 4.)  The Clerk of Court subsequently noted defendant's default.  (Docket entry 5.)  By letter dated April 13, 2011, plaintiff provided the Court with a copy of the promissory note signed by defendant and requested that the Court base this Report on plaintiff's submissions alone.[1]  (Docket entry 6.)  Plaintiff also informed the Court that it would not seek attorney's fees in this matter.  (Id.)

---

[1] The second page of the promissory note is illegible.  Plaintiff need not re-file this document as the information required by the Court is on the first page.  However, in the future, plaintiff's counsel should take greater care to insure that documents submitted to the Court are legible.

# DISCUSSION

**A.    Liability**

Rule 55 of the Federal Rules of Civil Procedure establishes the two-step process for a plaintiff to obtain a default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after a default has been entered against a defendant, and the defendant fails to appear or move to set aside the default under Rule 55(c), the Court may, on a plaintiff's motion, enter a default judgment. Fed. R. Civ. P. 55(b)(2). In light of the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95-96 (2d Cir. 1993). "Accordingly, just because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right." Mktg. Devs., Ltd. v. Genesis Imp. & Exp., Inc., No. 08 Civ. 3168 (CBA)(CLP), 2009 U.S. Dist. LEXIS 118313, at *6 (E.D.N.Y. Oct. 6, 2009) (citing Erwin DeMartino Trucking Co. v. Jackson, 838 F. Supp. 160, 162 (S.D.N.Y. 1993)).

On a motion for default judgment, the Court "deems all the well-pleaded allegations in the pleadings to be admitted." Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 108 (2d Cir. 1997). In determining whether to issue a default judgment, the Court has the "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." Rolls-Royce plc v. Rolls-Royce USA, Inc., 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)). In other words, "[a]fter default . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions

of law." Rolls-Royce plc, 688 F. Supp. 2d at 153 (citation omitted).

The factual allegations in plaintiff's complaint, as well as the Certificate of Indebtedness attached to the complaint as an exhibit, establish defendant's liability on the promissory note. Defendant executed a promissory note on December 11, 1998 to secure a student loan of $2,625 and later defaulted on that loan. (Compl. at Ex. A.) The Agency paid the Bank's claim on the loan guarantee and the Department of Education reimbursed the Agency under its reinsurance agreement. (Id.) On September 28, 2005, the Agency assigned its right to the loan to the Department of Education. (Id.) Despite demands for payment, defendant has failed to make any payments to plaintiff on the debt. (Compl., ¶5.) As defendant is liable to plaintiff on the promissory note, it is respectfully recommended that plaintiff's motion for a default judgment should be granted.

**B.     Damages**

It is well established that a default constitutes an admission of well-pleaded factual allegations in the complaint, *except* those relating to damages. Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) ("Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint, with respect to the amount of the damages are not deemed true."); Greyhound Exhibitgroup, Inc. v. E.L.U.L Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). The Court "may conduct hearings or make referrals . . . when, to enter or effectuate default, it needs to . . . determine the amount of damages [or] establish the truth of any obligations by evidence." Fed. R. Civ. P. 55(b)(2). However, the Court does not need to hold a hearing, as "[d]etailed affidavits and other documentary evidence can suffice in lieu of an evidentiary hearing." Chanel, Inc. v. Louis, No. 06 Civ. 5924 (ARR)(JO), 2009 U.S. Dist. LEXIS 113910, at *11 (E.D.N.Y. Dec. 7, 2009) (citing Action S.A. v. Marc Rich & Co.,

Inc., 951 F.2d 504, 508 (2d Cir. 1991)). On a motion for default judgment, a plaintiff has the burden to prove damages to the Court with a "reasonable certainty." Credit Lyonnais Secs. (USA), Inc., 183 F.3d at 155 (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)).

Plaintiff supports its claim for damages with the following documents: the Certificate of Indebtedness from the Department of Education; the affirmation of plaintiff's attorney, Michael T. Sucher, detailing plaintiff's calculation of damages; the bill from Federated Legal Services, Inc. regarding service of process on defendant; and the promissory note signed by defendant. These submissions provide a sufficient basis for the Court to determine damages. Accordingly, a hearing on damages is not necessary.

Plaintiff seeks to recover the principal owed on the promissory note issued in connection with defendant's student loan, plus interest and costs. The promissory note provides that defendant agreed:

> to pay to the lender, or a subsequent holder of this Promissory Note, all sums disbursed (hereafter 'loan' or 'loans') under the terms of this Note, plus interest and other fees which may become due as provided in this Note. If [defendant] fail[s] to make payments on this Note when due, [defendant] will also pay reasonable collection costs, including attorney's fees, court costs, and collection fees.

(Docket entry 6-1.) The promissory note reflects that defendant borrowed $2,625.00 on December 11, 1998. (Id.) According to the Certificate of Indebtedness, defendant defaulted on the loan on April 17, 2001, and $2,948.96 in principal remains due and owing to plaintiff. (Compl. at Ex. A.) Therefore, it is respectfully recommended that plaintiff should be awarded $2,948.96 in principal.

Pursuant to the terms of the promissory note, plaintiff seeks interest on the principal

through the date of judgment.[2] The Certificate of Indebtedness reflects that the loan to defendant was subject to a variable rate of interest to be established annually by the Department of Education. (Compl. at Ex. A.) The current applicable interest rate is 2.47 percent. (Id.) When applied to the principal due in this case, interest accrues at a daily rate of $.20. (Id.) As of November 29, 2010, the Department of Education calculated that $1,257.36 in interest was due. (Id.) As of February 25, 2011, plaintiff calculated that $1,274.92 in interest was due. (Sucher Aff., ¶7.) The Court has reviewed plaintiff's calculation of interest on the defaulted student loan and it is correct. Accordingly, it is respectfully recommended that plaintiff should be awarded $1,274.92 in interest, plus $.20 in *per diem* interest from February 25, 2011 through the date of judgment.[3] *Per diem* interest on the principal through the date of judgment should be calculated by the Clerk of Court.

Plaintiff also seeks post-judgment interest pursuant to 28 U.S.C. § 1961. (Compl., Wherefore Clause, ¶A; Docket entry 4-4.) 28 U.S.C. § 1961 provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in district court" and sets forth how such interest shall be calculated. "Post-judgment interest serves as a means to 'compensate the successful plaintiff for being deprived of compensation for the loss from the time between ascertainment of the damage and the payment by the defendant.'" Westinghouse Credit Corp. v. D'Urso, 371 F.3d 96, 101 (2d Cir. 2004) (quoting Kaiser Aluminum & Chem. Corp. v. Bonjorno, 494 U.S. 827, 835-36 (1990)). An award of post-judgment interest under 28 U.S.C. §

---

[2] Plaintiff's counsel's affirmation in support of the instant motion requests $1,274.92 in accrued interest on the principal, plus unspecified "applicable interest." (Docket entry 4-1, Affirmation of Amount Due ("Sucher Aff."), ¶7; Wherefore Clause.) The notice of motion requests a default judgment as set forth in the attached proposed judgment. (Docket entry 4.) The proposed default judgment specifies that plaintiff seeks $1,274.92 in interest accrued as of February 25, 2011, additional *per diem* interest accruing from February 25, 2011 through the date of judgment, and post-judgment interest pursuant to 28 U.S.C. § 1961. (Docket entry 4-4.)
[3] According to the Certificate of Indebtedness, interest accrues at 2.47 percent, or $.20 per day on the principal in this case, until June 30, 2011, and "thereafter at such rate as the Department establishes pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1077a." (Compl. at Ex. A.)

1961 is mandatory.  See Lewis v. Whelan, 99 F.3d 542, 545 (2d Cir. 1996) ("The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered."). Accordingly, it is respectfully recommended that plaintiff should be awarded post-judgment interest on its monetary award calculated in accordance with 28 U.S.C. § 1961.

In addition to being provided for under the terms of the promissory note, the Higher Education Act of 1965 provides that "a borrower who has defaulted on a loan made under this subchapter . . . shall be required to pay . . . reasonable collection costs."  20 U.S.C. § 1091a(b)(1).  "Collection costs" include attorney's fees and court costs.  See United States v. Vilus, 419 F. Supp. 2d 293, 297 (E.D.N.Y. 2005).  Here, plaintiff does not seek attorney's fees. (Sucher Aff., ¶5; docket entry 6.)  However, plaintiff seeks to recover $385.00 in costs, including the $350 filing fee pursuant to 28 U.S.C. § 2412 and $35 for service of process.[4]  (Sucher Aff., ¶6.)  As the United States is not required to pay the filing fee in federal court and the docket does not reflect that plaintiff paid the $350 filing fee to commence this action, plaintiff's request for $350 should be denied.  See United States v. Garcia, No. CV 10-5658 (DRH)(ARL), 2011 U.S. Dist. LEXIS 59732, at *4 (E.D.N.Y. May 11, 2011) (denying filing fee to the United States on motion for default judgment in student loan case); United States v. Freeman, No. CV 09-4036 (ADS)(WDW), 2010 U.S. Dist. LEXIS 91025, at *5 (E.D.N.Y. July 26, 2010) (same).  In support of its claim for costs, plaintiff attaches the bill for $35.00 from Federated Legal Services, Inc. regarding service of process on defendant.  (Docket entry 4-1, p. 3.)  This cost is reasonable. Accordingly, it is respectfully recommended that plaintiff should be awarded $35.00 in costs.

---

[4] 28 U.S.C. § 2412 provides that: "[a] judgment for costs, when awarded in favor of the United States in an action brought by the United States, may include an amount equal to the filing fee prescribed under section 1914(a) of this title. The preceding sentence shall not be construed as requiring the United States to pay any filing fee."

## CONCLUSION

For the reasons set forth above, it is respectfully recommended that plaintiff's motion for a default judgment should be granted and that a default judgment should be entered against defendant for: $2,948.96 in principal; $1,274.92 in interest, plus $.20 in *per diem* interest from February 25, 2011 through the date of judgment; post-judgment interest to be calculated in accordance with 28 U.S.C. § 1961; and $35.00 in costs. *Per diem* interest on the principal through the date of judgment should be calculated by the Clerk of Court. Plaintiff is hereby ordered to serve a copy of this Report upon defendant at his last known address and file proof of service with the Court.

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file objections. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen day period. Failure to file a timely objection to this Report waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

_____/S/_____
LOIS BLOOM
United States Magistrate Judge

Dated: June 27, 2011
Brooklyn, New York